**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

**CIVIL CASE NO. 3:10cv622**
**[CRIMINAL CASE NO. 3:08cr233-2]**

| | |
|---|---|
| MIGUEL LORIA, ) </br> ) </br> Petitioner, ) </br> ) </br> v. ) </br> ) </br> UNITED STATES OF AMERICA, ) </br> ) </br> Respondent. ) </br> _____) | **ORDER AND NOTICE** |

**THIS MATTER** is before the Court on the Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Doc. 1]. The Government has not filed a response.

On October 23, 2009, the Petitioner's Judgment in a Criminal Case was entered in the docket of this Court. [Doc. 99]; Fed.R.App.P. 4(b)(6) ("A judgment ... is entered for purposes of [appeal] when it is entered on the criminal docket."); United States v. Walters, 176 Fed.Appx. 400 (4th Cir. 2006). He was sentenced to 39 months of imprisonment on Counts One and Two, to run concurrently, for his convictions of conspiracy to commit false claims and to defraud the United States, in violation of 18 U.S.C. §§ 286 & 371. [Id.]. The

Petitioner was also sentenced to the statutorily mandated consecutive sentence of 24 months for his conviction for aggravated identity theft, in violation of 18 U.S.C. §1028A(a)(1). [Id.]. The Petitioner did not file a direct appeal from his convictions or sentences. As a result, his conviction became final ten days after entry of his Judgment in the docket; that is, on November 6, 2009.[1] Clay v. United States, 537 U.S. 522, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003); United States v. Wilson, 256 F.3d 217, 221 (4th Cir. 2001), *certiorari denied* 534 U.S. 1086, 122 S.Ct. 823, 151 L.Ed.2d 705 (2002), *citing* Kapral v. United States, 166 F.3d 565, 577 (3rd Cir. 1999); United States v. Sisneros, 19 Fed.Appx. 735, 737 (10th Cir. 2001) (Fed.R.App.P. 4(b)(1)(A)(i) provides that the appeal time runs from ten days after entry of judgment, not service of judgment therefore three day mailing provision does not apply).

On November 22, 2010, the Petitioner signed the pending motion pursuant to 28 U.S.C. §2255 under penalty of perjury. [Doc. 1, at 6]. Although he attached a copy of the mailing certificate, the date of mailing has been obliterated. [Doc. 1-3]. The Court therefore finds that November 22, 2010 is the date the Petitioner delivered his motion to prison authorities for mailing. United States v. Belcher, 53 Fed.Appx. 308 (4th Cir. 2002) ("Belcher signed his

---

[1] Prior to December 1, 2009, the time within which to file an appeal was ten days from entry of the judgment. Fed.R.App.P. 4(b)(1) (2009).

§2255 motion on January 2, 2001, which is the date this court considers to be the filing date."), *citing* Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); United States v. Johnson, 203 F.3d 823 (4th Cir. 2000) (using date prisoner signed motion); United States v. Johnson, 191 F.3d 449 (4th Cir. 1999) ("Johnson's motion was signed on August 5, 1997, and there is nothing in the record to suggest a different mailing date.").

Section 2255(f)(1) of Title 28 provides that a one year period of limitation applies to a motion pursuant to §2255. Because the Defendant did not file a direct appeal, the statute provides that the period runs from the date on which the judgment of conviction becomes final. 28 U.S.C. §2255(f)(1) ("The limitation period shall run from ... the date on which the judgment of conviction becomes final."). As noted, the Petitioner's conviction and sentence became final, for purposes of filing a motion pursuant to §2255, on November 6, 2009. Wilson, 256 F.3d 217, 221; United States v. Walters, 176 Fed.Appx. 400 (4th Cir. 2006). The Petitioner's motion, signed November 22, 2010, therefore appears to be untimely.

> The United States Fourth Circuit Court of Appeals has concluded that
>
> > when a federal habeas court, prior to trial, perceives a *pro se* [§2255] petition to be untimely and the [Government] has not filed a motion to dismiss based on the one-year limitations period, the court must warn the prisoner that the case is subject to dismissal pursuant to [§2255(f)] absent a sufficient explanation, unless it is

3

indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in [§2255(f)].

Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); *accord*, United States v. Blackstock, 513 F.3d 128 (4th Cir. 2008).

The circumstances enumerated in §2255(f) are:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f).

"Equitable tolling applies to the statute of limitations in §2255 proceedings." United States v. Orikhi, 2010 WL 3522005 **1 (4th Cir. 2010), *citing* Holland v. Florida, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). It is

4

available only in "those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), *certiorari denied* 541 U.S. 905, 124 S.Ct. 1605, 158 L.Ed.2d 248 (2004), *citing* Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). In order to show entitlement to equitable tolling, a petitioner must present "(1) extraordinary circumstances; (2) beyond his control or external to his own conduct; (3) that prevented him from filing on time" and show that he exercised "reasonable diligence in investigating and bringing [the] claims." Miller v. New Jersey State Dept. Corrections, 145 F.3d 616, 617 (3rd Cir. 1998); Oriakhi, supra., *quoting* Holland, 130 S.Ct. at 2562-65; United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000) (prisoner must be precluded from compliance by circumstances external to his own conduct).

The Court will provide the Petitioner with an opportunity to show why his motion pursuant to §2255 may be considered.

**IT IS, THEREFORE, ORDERED** that on or before forty (40) days from entry of this Order, the Petitioner shall file explanation why his Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] may be considered by the Court. Failure to file such explanation may result in the dismissal of this motion as untimely without

5

further notice.

Signed: December 14, 2010

Martin Reidinger
United States District Judge